NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER EVAN DRESEL, <br><br>         Plaintiff-Appellee, <br><br>   v. <br><br> PENSION PLAN OF THE PACIFIC NORTHWEST LABORATORIES, BATTELLE MEMORIAL INSTITUTE, <br><br>         Defendant-Appellant. | Nos.  15-35643 <br><br> D.C. No. 2:14-cv-01665-MJP <br><br><br> MEMORANDUM* |
| PETER EVAN DRESEL, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> PENSION PLAN OF THE PACIFIC NORTHWEST LABORATORIES, BATTELLE MEMORIAL INSTITUTE, <br><br>         Defendant-Appellee. | No.   15-35652 <br><br> D.C. No. 2:14-cv-01665-MJP |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted December 6, 2017
Seattle, Washington

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

In this Employee Retirement Income Security Act (ERISA) case, the Pension Plan of the Pacific Northwest Laboratories, Battelle Memorial Institute (the Plan) appeals the grant of summary judgment in favor of claimant Peter Dresel and the denial of the Plan's cross-motion for summary judgment. The Plan contends that it did not abuse its discretion in denying Dresel Early Retirement Benefits (ERB) under its Pension Plan. Dresel cross-appeals, arguing that the district court applied an overly deferential standard in reviewing the Plan's decision.

Whether the district court was overly deferential to the Plan does not require remand. Although the district court could have tempered its abuse of discretion standard of review with some skepticism because the plan administrator both paid benefit awards and determined eligibility for benefits,[1] we affirm because the district court's holding that the Plan abused its discretion survives under even the most deferential standard of review.[2]

The district court properly held that the Plan abused its discretion in denying Dresel ERB. Under a straightforward application of the abuse of discretion standard,

---

[1] *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008).

[2] Dresel's cross-appeal is moot. *See Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001) ("We need not decide which standard of review is applicable because even under the more deferential traditional standard, we conclude that the plan administrator's decision must be vacated.").

2

a plan administrator's decision must be upheld "if it is based upon a reasonable interpretation of the plan's terms and if it was made in good faith." *Sznewajs v. U.S. Bancorp Amended & Restated Supplemental Benefits Plan*, 572 F.3d 727, 734 (9th Cir. 2009) (quotation marks and citation omitted), *overruled on other grounds by Salomaa v. Honda Long Term Disability Plan*, 637 F.3d 958, 965 (9th Cir. 2011). By contrast, a plan administrator abuses her discretion when she construes a pension plan "in a way that clearly conflicts with the plain language of the [p]lan." *Lehman v. Nelson*, 862 F.3d 1203, 1217 (9th Cir. 2017) (citing *Tapley v. Locals 302 & 612 of the Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013)). Here, using the Pension Plan's definitions of "Member," "Retirement," "Early Retirement Benefit," and "Early Retirement Age," a Member—which includes former employees—is eligible for ERB if he elects to commence benefits after he turns fifty-five years old, but before he reaches sixty-five years old, and has ten years of credited service.

Dresel met the requirements to receive ERB: He was a fifty-seven-year-old former employee with over seventeen years of credited service when he elected to receive ERB. Thus, the Plan abused its discretion by requiring Dresel to be an "active employee" when he elected the commencement of benefits. *See Canseco v. Constr. Laborers Pension Tr.*, 93 F.3d 600, 608 (9th Cir. 1996) ("[P]ension plan

3

trustees or administrators may not construe a plan so as to impose an additional requirement for eligibility that clashes with the terms of the plan.").

To the extent the Plan argues that it is reasonable to redefine "Retirement" as the termination of employment because Dresel was eligible for Deferred Vested Benefits (DVB), the Plan waived this argument. "The general rule, . . . in this circuit and in others, is that a court will not allow an ERISA plan administrator to assert a reason for denial of benefits that it had not given during the administrative process." *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 719–20 (9th Cir. 2012). In addition, ERISA regulations require that the plan administrator provide the claimant with "[r]eference to the specific plan provisions on which the determination is based." 29 C.F.R. § 2560.503-1(g)(ii) (2017). Here, the Plan neither explicitly cited its interpretation of "Retirement" nor referenced the Pension Plan section for DVB during the administrative process and, thus, is precluded from now presenting this new reason for denying Dresel ERB.

**AFFIRMED.**